## YELLOW TAXICAB CO et v METZGER

Ohio Appeals, 6th Dist, Lucas Co

No 2572. Decided Dec 21, 1931

Farber & Cochrane and Fraser, Hiett, Wall & Effler, Toledo, for plaintiff in error.

Doyle & Lewis, Toledo, for defendant in error.

LLOYD, J.

These will be considered in the order named.

The verdict was signed by nine jurors, two of whom it is claimed, Gladys Carpenter and Clarence H. Rowland, were guilty of such misconduct during the progress of the trial as to require a new trial. It is claimed that Rowland had a claim in suit against Y which he did not disclose on his voir dire. The examination of prospective jurors does not appear in the bill of exceptions, but the claim made was attempted to be shown by the testimony of one of counsel for the cab companies, given on the hearing of the motion for a new trial. This testimony only partially discloses the ex-

amination to which Rowland was subjected and the certificate of the trial judge is silent as to whether the testimony of the witness includes all of the voir dire examination of the juror as to the particular subject of inquiry. In our judgment the bill of exceptions before us does not present the question sought to be raised.

The alleged misconduct of the juror, Gladys Carpenter, is of a different character and occurred during the trial and before the final submission of the case to the jury. Counsel for defendants, however, did not learn thereof until after the return of the verdict. The verdict was signed by only nine jurors, of whom this juror was one. On the hearing of the motion for a new trial two of the jurors and a disinterested witness testified that during a recess taken while the trial was in progress and before the taking of the evidence was concluded, Mrs. Carpenter in violation of the orders of the trial judge stated in substance in the corridor outside the court room that she was sick and tired of hearing about the plastic flow of metal and that she would never ride in another Yellow taxicab, the statement as to the "plastic flow of metal" referring to testimony of certain metallurgists called as witnesses by Y and B and which, to say the least, does not seem very enlightening as bearing upon the questions in issue. These witnesses all say that she talked in a loud tone of voice and one of two of them say that her statement was made in the presence of the plaintiff and her daughter and of other persons among whom was the witness and two other jurors, and that after the verdict was returned, Mrs. Carpenter said to the plaintiff: "I fought awfully hard for you" and later she said "that was one time she helped stick the Yellow Cab Company". The witnesses all testified that by her manner she evinced hostility and one of them stated:

"I said 'For goodness sake, keep quiet, there is people back of you.' I told her to keep quiet. She stopped when she was finished."

The conduct of this juror was most reprehensible and clearly justified a reprimand, and in the absence of some reasonable excuse, punishment for her disregard of the order of the court and her duty as a juror. The finding and order of the trial court in overruling the motion of defendants for a new trial was manifestly against the weight of the evidence and constitutes prejudicial error.

An ordinance of the City of Toledo, numbered 7765, adopted and effective on December 16, 1929, relating to the issuing of taxicab licenses, was offered by plaintiff and received in evidence. This ordinance contains eighty sections, one of which provides that all taxicabs and motor vehicles for hire that are licensed at the date of the passage of this ordinance shall continue to hold such licenses for the current year and that all such taxicabs and motor vehicles licensed in accordance with the terms of this ordinance shall have their licenses renewed for each succeeding year without a finding of convenience and necessity, "providing all other requirements of this ordinance are complied with", and in still another section it is provided that "no public vehicle shall be operated unless a license has been issued to the owner thereof and is in force", and that every license shall expire on the 31st day of March of each year.

The collision between the automobile and the taxicab occurred on March 15, 1930, and the only license issued to either company for the operation of taxicabs in Toledo was issued to Y prior to the enactment of the ordinance of December 16, 1929. So it would seem that the license held by Y at the time of the collision issued apparently pursuant to the provisions of a prior ordinance, and expressly recognized as valid by the ordinance of December 16th, continued in force until the end of the then current year, unless theretofore revoked. The only ground of the exceptions taken to the admissibility of this ordinance in evidence was that it had not been pleaded by plaintiff in her petition. An ordinance upon which a plaintiff reliefs must be pleaded, but in this instance an amended petition, wherein the ordinance was pleaded, was allowed during the trial and no other or further objection having been made thereto, the question of its admissibility is not presented to us for consideration. The ordinance provides that the city shall furnish the blanks upon which applications for licenses are to be made, and there is evidence in the record tending to prove that at and prior to the date of the collision these required blanks had not been prepared and because of this fact applications for licenses could not be made. If this were found to be true, then until the necessary blanks were supplied as provided by the ordinance, it would not be possible for prospective applicants to obtain licenses thereunder.

The charge of the trial judge is abstract rather than concrete in its application to the issues involved, intimating to the jury the possible relationship between Y and B, to be that of principal and agent. Then,

without further suggestion or statement as to how they shall be guided in determining this question, or explainting what the effect would be upon the liability of either or both of them, if the jury should find that to be the existing relationship, tells the jurors merely that they have heard all of the evidence "as to the relations between these two defendant companies". The court then instructed the jury in effect that the right to operate taxicabs in Toledo was dependent upon compliance with the ordinance of December 16th, and that if one of the defendants had a license and the other had none and the latter operated the taxicab with the permission and authority of the company having the license, "then they would be joint operators". Then, says the court, "if under these instructions, you find that the Yellow Taxicab Company was not an operator, in the light of that definition, then they will be discharged from the case". The court then proceeds without further reference to this issue, to comment upon the various charges of negligence made against them jointly, and presents the jury with three forms of verdict from which to choose. Whether Y and B, or either of them, had a license would not of itself determine or exclude liability on the part of either or both of them for negligence proximately causing injury to the plaintiff. The charge of the court was manifestly prejudicial in that it did not state either the issues clearly or the legal effect of positive or negative findings on the issue submitted to the jury as to the relation existing between the two defendants.

For the reasons given and because it is manifestly against the weight of the evidence, the judgment of the court of common pleas is reversed and the cause remanded to that court for a new trial.

RICHARDS and WILLIAMS, JJ, concur.